IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:15-CV-85-FL

| | | |
|---|---|---|
| DONALD L. RAGAVAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE MANAGEMENT |
| CITY OF WILMINGTON, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Pursuant to Federal Rule of Civil Procedure 26(f), the parties conducted a pretrial conference by telephone in this case on July 15, 2015, with plaintiff appearing through counsel Megan K. Mechak and T. Reid Coploff, and defendant appearing through counsel Scott T. Hart and Meredith T. Everhart. After reviewing the parties' joint report and plan, filed July 6, 2015, as supplemented, and hearing further this date from the parties, the court orders the following:

**I. Discovery**

A. The parties have exchanged the information required by Federal Rule of Civil Procedure 26(a)(1).

B. Discovery will be necessary on the matters referenced in section 4(a) of the parties' Rule 26 joint report and plan.

C. All discovery shall be commenced or served in time to be completed by **March 23, 2016.**

D. The parties do not anticipate any discovery issues at this time.

E. No party shall serve more than 25 interrogatories, including all discrete subparts, to any other party. Responses are due 30 days after service of those interrogatories. All interrogatories must be submitted in a format that is "electronically fillable," as provided in section 4(d) of the parties' joint report and plan.

F. No party shall serve more than 25 requests for admissions to any other party. Responses are due 30 days after service of those requests for admissions.

G. There shall be no more than 10 depositions by plaintiff and 10 by defendant, with the stipulation that each deposition taken pursuant to Rule 30(b)(6) be treated as a single deposition, even though multiple persons may be designated to testify..

H. Each deposition shall be limited to 7 hours, unless otherwise agreed by the parties. With respect to depositions conducted pursuant to Rule 30(b)(6), the 7 hour durational limit shall apply with respect to each individual deposed.

I. Disclosures required by Federal Rule of Civil Procedure 26(a)(2), including reports from retained experts, shall be served by plaintiff by **November 2, 2015**, and by defendant by **December 2, 2015**. Disclosures and reports by any rebuttal experts shall be served by **December 23, 2015**. The parties shall serve any objections to such disclosures, other than objections pursuant to Federal Rules of Evidence 702, 703, or 705, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999) or similar case law, **within 14 days** after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g.,

whether all of the information required by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer before filing any motion based on those objections.

J. Supplementations of disclosures under Federal Rule of Civil Procedure 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served by **February 12, 2016,** except with respect to rebuttal experts. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial other than solely for impeachment. The rationale for the mandatory supplemental disclosures 40 days before the discovery deadline is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party <u>before</u> the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) pretrial disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. <u>See</u> Fed. R. Civ. P. 37(c)(1).

K. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to

3

extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. See Fed. R. Civ. P. 29. Nor does this apply to modifying the requirements of Federal Rule of Civil Procedure 26(a)(2) concerning experts' reports.

L. Discovery in this case may be governed by a protective order. If the parties disagree concerning the need for, and/or the scope or form of, a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum. If the parties agree concerning the need for and scope and form of a protective order, their counsel shall confer and then submit a jointly proposed protective order as soon as is practicable.

   1. A jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause for issuance of the protective order pursuant to Federal Rule of Civil Procedure 26(c).

   2. Any proposed protective order shall set out the procedure for filing under seal confidential documents, things, and/or information, pursuant to the requirements of Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 180-181 (4th Cir. 1988). Specifically, a proposed protective order shall include the following language: "Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum

of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court."

3. Before ruling on any motion to seal the court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

4. The parties are directed to Section T of the court's Electronic Case Filing Administrative Policies and Procedures Manual, available online at http://www.nced.uscourts.gov/pdfs/cmecfPolicyManual.pdf, for information regarding how to file and serve sealed documents through the court's Case Management / Electronic Case Filing system ("CM/ECF").

## II. Motions

A. Any motion requesting relief shall be accompanied at time of filing with a proposed form of order, stating its requested relief.

B. Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **August 24, 2015**.

C. Provided that such defenses have been timely preserved, any motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief may be granted shall be filed by **September 22, 2015**.

D. All other potentially dispositive motions shall be filed by **April 25, 2016**. All motions to exclude testimony of expert witnesses pursuant to Federal Rules of Evidence 702, 703, or 705, <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999), or similar case law, shall be filed by the deadline set for dispositive motions.

E. Any motion to compel discovery shall be filed and served **within 30 days** of the act or omission in discovery complained of, after good faith effort between the parties to resolve the matter, unless the time for filing such a motion is extended for good cause shown. Prior to any filing, the complaining party shall convene a conference

6

among the parties and this court by telephone through the office of the case manager, at (252) 638-8534. In the event of a discovery dispute of or relating to written discovery, the party convening the conference shall send via facsimile transmittal directed to the case manager at (252) 638-1529, the submissions in discovery most directly bearing on the particular dispute, for the court's review in advance of telephonic conference. Motions to compel filed after the deadline and/or without advance conference with the court, absent extenuating circumstances, summarily will be denied. Disputes in discovery which are reduced to writing, timely filed, and where conference with this court in advance of filing has been unable to resolve said dispute, ordinarily will be referred to a magistrate judge for ruling.

F. Any motion to continue must conform with the requirements set forth in Local Civil Rule 6.1, and also include a detailed statement as to the reason for the requested continuance or extension of time together with the proposed order. Continuances will be granted only upon showing of good cause, particularly focusing upon the evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

### III. Alternative Dispute Resolution ("ADR")

A. A settlement procedure is required in virtually every case, to be conducted before the close of discovery if the case is automatically selected for mediation pursuant to Local Alternative Dispute Rule 101.1a(b), or before the final pretrial conference if not automatically selected.

B.  This case has been automatically selected for mediation and the parties reported July 15, 2015, their agreement as to a certain mediator in the case. Reference is made to Local Alternative Dispute Rule 101.1 *et seq.* for required deadlines.

C.  If at any time a settlement is reached, it shall be reported immediately to this court. The parties shall refer to Local Alternative Dispute Rule 101.1e for their specific obligations.

### IV. Judicial Review of Final Decision

A.  Where plaintiff seeks judicial review of a final decision under the Administrative Procedures Act, N.C. Gen. Stat. §§ 150B-1, *et. seq.*, in petition component of his complaint, and the court has supplemental jurisdiction to consider, defendant has until July 22, 2015, within which to electronically file (not sealed as per plaintiff's counsel, any right to have sealed was waived in the administrative proceeding) the record.

B.  After discussion, the court determined it shall receive only those exhibits admitted into evidence. The administrative record shall be tabbed and indexed as appropriate.

C.  No additional discovery is requested where plaintiff does not apply to this court to present additional evidence. Discovery into plaintiff's constitutional law claims and any defenses thereto shall proceed in accordance with the foregoing.

D.  The parties shall have 90 days from date of filing of the record within which to submit their briefs, limited to 30 pages. Fifteen (15) days thereafter any response shall be due, limited to 30 pages. No reply shall be made, absent separate request and a showing of good cause. Any request for reply shall be filed not later than 7 days

after filing of the response brief, and show the position of the other party.

### V.  Pretrial and Trial Scheduling

After the court has ruled on any dispositive motion(s), the court will enter a scheduling order governing deadlines and procedures for final pretrial conference and trial, as appropriate.  This case management order shall not be modified except by leave of court upon a showing of good cause, and all requirements set forth in the court's Local Civil Rules governing pretrial and trial procedures not altered herein shall be strictly observed.

SO ORDERED, this the 15th day of July, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge